**CORDELLO LAW PLLC**
Justin Cordello
693 East Avenue, Suite 220
Rochester, NY 14607
Phone: (585) 857-9684
Facsimile: 585-486-1075
justin@cordellolaw.com

**THE LAZZARO LAW FIRM, LLC**
Anthony J. Lazzaro
Chastity L. Christy
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

Attorneys for Plaintiff, the Rule 23 Class,
and the FLSA Class

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EVELYN ALLEN, on behalf of herself and all other similarly situated, | ) ) ) | CASE NO. |
| | ) | JUDGE |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **PLAINTIFF'S COMPLAINT** |
| SUTHERLAND GLOBAL SERVICES, INC. | ) ) | (Jury Demand Endorsed Herein) |
| Defendant. | ) | |

Now comes Plaintiff Evelyn Allen, by and through counsel, and for her Complaint against Sutherland Global Services, Inc. states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of and violations of New York Labor Law Articles 6 and 19.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's New York Labor Law Articles claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Suffolk County, New York.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and New York Labor Law Articles 6 and 19.

7. At all times relevant herein, Defendant Sutherland Global Services, Inc. was a for-profit corporation, organized and existing under the laws of the State of New York, doing and conducting business throughout the United States, including in this District and Division, and has its principle office in Monroe County, New York, at 1160 Pittsford Victor Road, Pittsford, New York.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and New York Labor Law Articles 6 and 19.

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as she used tools, products, and equipment that traveled in interstate commerce.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant is a telecommunications company that owns and operates a number of call centers that provide customer support and sales services to its clients.

14. Plaintiff Allen was employed by Defendant as a both a Customer Service Consultant and Sales Consultant between October 18, 2010 and June 1, 2015.

15. Plaintiff Allen was employed in Defendant's Syracuse, New York call center.

16. Other similarly-situated employees were employed by Defendant as Customer Service Consultants and Sales Consultants in call centers located throughout the United States.

17. Plaintiff and other similarly-situated Customer Service Consultants and Sales Consultants were classified by Defendant as non-exempt employees.

18. Plaintiff and other similarly-situated Customer Service Consultants and Sales Consultants were paid by Defendant on an hourly basis.

**(Failure to Pay For Time Spent Starting and Logging Into Computer Systems, Applications, and Phone System)**

19. Plaintiff and other similarly-situated employees were required by Defendant to

perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, numerous software applications, and phone systems. Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

20. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

21. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

22. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

23. Plaintiff estimates that she spent approximately 15-20 minutes before her shift start times clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and phone systems.

24. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

25. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendant's computer systems, applications, and phone systems.

26. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for

4

Defendant's benefit.

27. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees. She could not perform their work without booting up Defendant's computer systems, applications, and phone systems.

28. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated inbound sales representatives for starting and logging into Defendant's computer systems, numerous software applications, and phone systems, during which she performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

29. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

31. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees before clocking in each day.

32. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in amounted to approximately 10-15 minutes when Defendant's computer systems were working properly, or longer when Defendant's computer systems were slow or not working.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings Count One of the action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current Customer Service Consultants and Sales Consultants employed by Sutherland Global Services in a call center nationwide between January 27, 2014 and the present.

35. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of several thousand persons.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

37. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and

(b)(3) on behalf of herself and all other members of the class ("the New York Class") defined as:

> All former and current Customer Service Consultants and Sales Consultants employed by Sutherland Global Services in a call center nationwide between January 27, 2014 and the present.

39. The New York Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential New York Class, but upon information and belief, aver that it consists of at least several thousand persons.

40. There are questions of law or fact common to the New York Class, including but not limited to the following:

> a) whether Defendant failed to pay overtime compensation to their Customer Service Consultants and Sales Consultants for hours worked in excess of 40 each workweek; and
>
> b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of the violated New York Labor Law Articles 6 and 19 and their implementing regulations.

41. Named Plaintiff Evelyn Allen will adequately protect the interests of the New York Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other New York Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the New York Class in this case.

42. The questions of law or fact that are common to the New York Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the New York Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring New York Class members to pursue their claims

individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many New York Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

46. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

47. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

49. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations New York Labor Law Articles 6 and 19)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the New York Labor Law Articles 6 and 19.

52. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the New York Labor Law Articles 6 and 19.

53. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the New York Labor Law Articles 6 and 19.

54. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the New York Labor Law Articles 6 and 19.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Date: January 28, 2017

Respectfully submitted,

/s/ Justin Cordello
Justin Cordello
Cordello Law PLLC
693 East Avenue, Suite 220
Rochester, NY 14607
Phone: (585) 857-9684
Facsimile: 585-486-1075
justin@cordellolaw.com

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
(will file for admission pro hac vice)
Chastity L. Christy (0076977)
(will file for admission pro hac vice)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com

> Attorneys for Plaintiff, the Rule 23 Class, and the FLSA Class

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

> /s/ Justin Cordello
> One of the Attorneys for Plaintiff, the Rule 23 Class, and the FLSA Class